La. 654, 36 So. 635. As the prescription of 5 years had not run in this case, the plea of prescription of 10, 20, and 22 years, made by the defendants, is overruled.

It is therefore ordered that the judgment appealed from be amended, so as to overrule the exception of no cause or right of action as to the alternative demand of the plaintiffs, as forced heirs, to reduce the donation made by their father and mother to their sister, Mrs. Youngblood, and so as to overrule the plea of prescription of 10, 20, and 22 years.

It is now ordered that said judgment as amended be affirmed, that the appellees pay the cost of this appeal, and that this case be remanded, and reinstated on the docket of the lower court, and proceeded with in due course and in accordance with the views herein expressed.

════════

(110 So. 77)

No. 25928.

HAMMOND STATE BANK v. STRAWBER-RY GROWERS' ASS'N, Limited, et al.

(Oct. 5, 1926. Rehearing Denied Nov. 2, 1926.)

*(Syllabus by Editorial Staff.)*

Alteration of instruments ⊸3.

Unauthorized substitution by secretary of association of another payee for one named in note of association, indorsed by its directors, *held* material alteration which made note void (Act No. 64 of 1904, § 124).

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Joseph L. Golson, Judge.

Suit by the Hammond State Bank against Strawberry Growers' Association and others. From a judgment for plaintiff, defendants appeal. Judgment annulled, and suit dismissed.

Theo. Cotonio, of New Orleans, for appellants.

A. W. Spiller, of Hammond, for appellee.

O'NIELL, C. J. This is a suit on a promissory note for $2,500 signed by the Strawberry Growers' Association and indorsed by the directors of the association individually. The defense is that the note is void because it was materially altered without the assent of any of the parties originally liable, and that the Hammond State Bank, named as the plaintiff in the suit, was neither the owner nor the holder of the note when it was sued on, and did not authorize the suit to be brought in the bank's name. The court gave judgment against all of the defendants in solido, and they have appealed.

When the note was issued, persuant to a resolution of the board of directors of the Strawberry Growers' Association, it was made payable to "the Hammond State Bank of Hammond, Louisiana, or order," and was payable at "Hammond State Bank, Hammond, La." In that form the note was indorsed by each of the directors individually. They had adopted the resolution authorizing the then president and secretary of the association to sign and negotiate the note to raise funds that were needed to be advanced to members of the association to carry on their farming operations. The bank declined to make the loan and returned the note to the association. The directors met again and authorized the making of another note, payable at another bank in Hammond, which note the directors indorsed individually and discounted at the other bank. At the same time the directors instructed the secretary, who was afterwards succeeded in office by another of the directors, to destroy the note for $2,500, which is the note sued on. The secretary, who was not made defendant in this suit, assured the other directors that he had destroyed the note, and in fact pretended to destroy it in their presence. Thereafter, without the consent or knowledge of any of the directors of the association, he struck out by drawing a line through the name, of

the payee, "Hammond State Bank, of Hammond," and interlined, over the erasure, "Independence Box Veneer Mfg. Co.," and, after the words "payable at," he struck out by drawing a line through the name "Hammond State Bank." He then sent the altered note, with the association's check for a less amount, to the Independence Veneer & Box Manufacturing Co., Limited, to be credited on an account due for strawberry crates and boxes that had been bought by the Strawberry Growers' Association. Two months afterwards, but before the note matured, the president of the Independence Veneer & Box Manufacturing Company pledged it to the Hammond State Bank as collateral security for a loan of $2,000, which was reduced to $1,000 before this suit was filed. When the $2,500 note matured and the Hammond State Bank notified the maker and indorsers, they refused to pay, because of the unauthorized alteration and negotiation of the note. Thereafter the cashier of the bank demanded of the president of the Independence Veneer & Box Manufacturing Company that he make good the collateral; and, after some delay, he and his attorney called at the bank and receipted for and took the note for the purpose of suing on it in the name of the bank. Therefore, when the suit was brought, the note was not owned or held by a holder in due course, but by the payee of the note, as altered. That, however, is not important.

The instrument sued on is void, according to the Negotiable Instrument Law. Section 124 of the statute, being Act 64 of 1904, declares that if a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except against a party who has himself made or authorized or assented to the alteration, and subsequent indorsers. The alteration in this case was a material alteration, because the maker and indorsers of the note, made payable to the Hammond State Bank, would not have consented to the note's being issued in payment of an existing debt of the maker, or to any one else than one who would at the same time loan the amount which the maker needed, and for which alone the indorsers consented to incur the obligation. In the case of Alford v. Delatte et al., 160 La. 712, 107 So. 500, where the indorser intrusted the maker with a negotiable note payable to a certain bank, or order, on a printed form used by the bank, and the maker erased the name of the bank as payee and wrote over it the name of another payee, to whom the maker gave the note as the price of property which the maker bought, we hold that the changing of the name of the payee was a material alteration, and avoided the instrument as far as the indorser was concerned, because the evidence showed that there was a sufficient reason why he would not have indorsed the note if it had not been made payable to the bank whose name was printed on it as the payee. According to the decision cited, the judgment appealed from is wrong and must be reversed.

We express no opinion as to any liability on the part of the former secretary of the Strawberry Growers' Association, or on the part of the former president of the association, who apparently in dense ignorance of what he was doing signed the letter written by the secretary, in which he sent the altered note to the Independence Veneer & Box Manufacturing Company. That is a matter to be determined between the former president and secretary of the association on the one side and the Independence Veneer & Box Manufacturing Company on the other.

The judgment is annulled, and the demand of the plaintiff is rejected and its suit dismissed, at its cost.