BRUNOT, Justice.
 

 ■ This is a suit upon two promissory notes. One is for the sum of $12,834, with 8 per cent, per annum interest thereon from January 10, 1932, until paid, and the other is for $250, with like interest thereon from December 10, 1931, until paid. Both notes stipulate for 10 per cent, upon principal and interest due, as attorney’s fee. The notes were made and issued by the defendant T. G. Womack. It is alleged that the indebtedness is secured to the amount of $6,000 by a continuing guaranty, executed by John H. Womack, and that plaintiff became the holder and owner of the notes before maturity and for value, by assignment, from the Security Credit Corporation, together with the said continuing guaranty.
 

 A little more than two years before this suit was filed, John H. Womack died. His succession was opened, and his heirs were recognized and sent into possession of his estate. These heirs, with one exception, Mrs. Louella Womack Kent, a resident of Havana, republic of Cuba, were made parties defendant by the plaintiff, and the prayer of the petition 'is for judgment against all of the defendants in solido for $6,000 and for the reservation of the plaintiff’s rights against the non-resident heir.
 

 For answer the defendants plead payment of the note for $250. They admit that the plaintiff is the holder and owner of the note for $12,834, and that the plaintiff acquired it in the manner alleged in its petition, but they deny that the continuing guaranty was given to secure any part of T. G. Womack’s
 
 *735
 
 indebtedness to tbe Security Credit Corporation, or, in the event they are liable at all, they aver that they cannot be held liable in solido. We think it advisable to quote their language:
 

 “Respondents deny Article Three, and aver on the contrary that the purported continuing guarantee executed by John I-I. Womack was given by him to the Security Bank as a guarantee for any indebtedness due on or to become due to said Security Bank by respondent, Thomas G. Womack, that after said document had been signed by said John H. Womack, the same was altered and in some portions thereof, the name of the ‘Security Bank.’ That said substitution was made without the knowledge or consent of said John H. Womack or any one of your respondents, and that said purported continuing guarantee was not given by said’ John H. Womack for any indebtedness due by respondent Thomas G. Womack to the Security Credit Corporation, and was not given as security for the indebtedness against said Thomas G. Womack herein sued upon.
 

 “That the altering of said document was unauthorized and could not bind said John H. Womack or any of your respondents for any indebtedness except the indebtedness due by respondent Thomas G. Womack, to the Security Bank, which is not the indebtedness herein sued upon, and which indebtedness was never held or owned by the Interstate Trust & Banking Company, plaintiff herein, but, on the contrary, was transferred in November, 1929, by the Security Bank to the Amite Bank & Trust Company, which is now holder thereof.
 

 “Respondents deny Article Seven and further show that, if said purported continuing guarantee should be held to be’Valid and to have been given as security for the indebtedness herein sued upon, which is denied, that respondents are not indebted thereunder in solido to the plaintiff. * * * ”
 

 The case was tried on the issues stated and judgment was rendered thereon in favor of the plaintiff and against the defendant T. G. lyomack for the sum, interest, and attorney’s fee prayed for in the petition, and in favor of the plaintiff and against the other defendants in the following proportions: Against Mrs. Viva Robertson Womack, the widow ol J. H. Womack, deceased, for $3,000, with 8 per cent, per annum interest thereon from January 10, 1932, until paid, together with 10 peij cent, on said amount and interest as attorney’s fee; against Mrs. Elizabeth Womack Hughes, for $750, with like interest and attor-j ney’s fee on said sum and interest; against Mrs. Minnie Womack Schwartz for $750, with like interest and attorney’s fee on said sum' and interest; and reserving the rights of the plaintiff against Mrs. Rouella Womack Kent!
 

 Mrs. Elizabeth W. Hughes perfected a suspensive appeal from the judgment, and Mrs. Viva Robertson Womack and Mrs. Minnie W. Schwartz perfected a devolutive appeal therefrom.
 

 The appellants have filed in this court an exception of no cause of action. In support of this exception it is contended that the continuing guaranty executed by John H. Womack does not guarantee any debt of Thomas G. Womack.
 

 We concede that the misuse of the word “of” appearing as the last word of the sixth line of the typewritten guaranty might give ground for' some consideration, if the entire context of the guaranty, in all other respects,
 
 *737
 
 except as to the erasures and interlineations was not perfectly clear and conclusive. We therefore overrule the exception.
 

 The continuing guaranty has been sent up in the original. A photostatic copy of the document is reproduced below:
 

 
 *739
 
 The continuing guaranty shows on its face that the typewritten payee “Security Bank,” “has been lined out and “Security .Credit Corp’n Inc,” has been interlined with pen and inl$. This change appears in the first line of the guaranty. On the fourth line of the guaranty “Security Bank” is similarly lined out and “Sec Or. Corporation” is similarly interlined. A similar lining out and interlineation appears in the seventh line of the guaranty, but in lines 16, 19, 21, and the last line of the guaranty the word “Bank” remains as originally written.
 

 Inasmuch as every part of the typewritten document shows that the Security Bank was the payee named therein, and that the guarantor'died more than two years before this suit was filed, the burden is upon plaintiff to prove that the erasures and interlineations were made before X H. Womack signed the guaranty, or that the erasures and interlineations were made with his kno wledge and consent.
 

 The testimony on this point is conflicting. Mr. Gamier says he prepared the continuing guaranty and that the erasures and interlineations thereon were made by him before it was signed by Mr. X H. Womack. Tr. p. 38. Mr. T. G. Womack testified as follows:
 

 “Q. Referring to this document marked P-1 Continuing Guarantee, where did you get that document?
 

 “A. I got it at the Security Bank, Mr. Garnier.
 

 “Q. For what purposes?
 

 “A. It was for the purpose of securing the credit on a. loan with the Security Bank of Amite.
 

 “Q. What did you do with the document when you got it?
 

 “A. I carried it to Kentwood for my father to sign. He handed me the document just as it ’was and he signed it in his bed room in Kentwood.
 

 “Q. Did you see him sign this document?
 

 “A. Yes sir.
 

 “Q. At the time he signed this document, tell the court whether the words Security Credit Corporation, Inc., were interlined over the words Security Bank or not?
 

 “A. They were not.” Tr. pp. 49, 50.
 

 We have carefully read Mr. Charles W. Hogan’s testimony. It shows that Mr. T. • G. Womack was indebted to the plaintiff, that his indebtedness was secured by collateral and the continuing guaranty, but there is no intimation in his testimony that Mr. T. G. Womack or Mr. X H. Womack had seen the continuing guaranty after it left their possession, or that either had any knowledge of the erasures and interlineations now complained of.
 

 Counsel for plaintiff say, in their brief, that it is fair to assume that Mr. X H. Womack was aware of the many dealings his son had with the Security Bank and that the Security Bank did not handle crop liens. There is nothing in the record to support this assumption. On the contrary, it appears that the only continuing guaranty X H. Womack gave to secure the indebtedness of his son is the one involved in this suit.
 

 In the case of Angle v. Northwestern Life Ins. Co., 92 U. S. 330, 23 L. Ed. 556, the United States Supreme Court said:
 

 
 *741
 
 “Where a party to a negotiable instrument intrusts it to another for use as such, with blanks not filled up, such instrument so delivered carries on its face an implied authority to complete the same by filling up the blanks; bnt the authority implied from the existence of the blanks would not authorize the person intrusted with the instrument to vary or alter the material terms of the instrument by erasing what is written or-printed as part of the same, nor * * * to make any addition to the terms of the note; and if any sifch of a material character are made by such a party, without the consent of the party from whom the páper was received, it will avoid the note, even in the hands of an innocent holder.”
 

 The cases of Alford v. Delatte et al., 160 La. 712, 107 So. 500, and Hammond State Bank v. Strawberry Growers’ Ass’n, Ltd., 162 La. 27, 110 So. 77, are to the same effect. In both of these eases there was an unauthorized substitution of a payee different from the one named in the note when it was signed. In both cases this substitution was held to be a material alteration, and in both the demands of the plaintiff were rejected.
 

 With respect to the erasures and interlineations appearing on the face of the continuing guaranty in this record, we have only the testimony of Mr. Gamier and Mr. T. G. Womack. These witnesses directly contradict each other. In this situation, with the burden of proof upon the plaintiff, and the legal presumption against the validity of the document, the eases cited supra are in point and are decisive of this case.
 

 For the foregoing reasons, the judgments against Mrs. Yiva Robertson Womack, Mrs. Elizabeth Womack Hughes, Mrs. Minnie Womack Schwartz, appellants, are annulled and the demands of the plaintiff as to each of said appellants is rejected, and its suit is dismissed at its cost
 

 ST. PAUL, J., absent.