# Third District Court of Appeal

## State of Florida

Opinion filed September 16, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2576
Lower Tribunal No. 83-16282-C
_____

**Harvey Jackson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Maria Verde, Judge.

Andrew Rier and Daniel Tibbitt, for appellant.

Pamela Jo Bondi, Attorney General, and Joanne Diez and Marlon J. Weiss, Assistant Attorneys General, for appellee.

Before WELLS, ROTHENBERG and EMAS, JJ.

WELLS, Judge.

Harvey Jackson appeals from an order denying, while correcting in part, his eighth postconviction motion—at least four of which attack a sentence imposed in 1984. For the following reasons we affirm the order on appeal.

On April 13, 1984, a jury found Jackson guilty of kidnapping "with a firearm" (count I); guilty of robbery "without a firearm" (count II); guilty of burglary of a conveyance "with a firearm" (count III); and guilty of sexual battery in which he "used or threatened to use a deadly weapon" (count IV).

That same day, judgment was entered against him. That judgment read as follows:

| COUNT | CRIME | OFFENSE STATUTE NUMBERS | DEGREE |
|---|---|---|---|
| 1 | KIDNAPPING WITH A FIREARM | 787.01 & 775.087 | LIFE |
| 2 | ROBBERY WITHOUT A FIREARM | 812.13 | 2F |
| 3 | BURGLARY WITH A FIREARM | 810.02 & 775.087 | 1F |
| 5 | SEXUAL BATTERY WITH A DEADLY WEAPON | 794.011 (3) 775.087 | LIFE |

Jackson was sentenced on count I for kidnapping with a firearm to a "term of Natural Life"; on count II for robbery without a firearm to a term of fifteen years, to run concurrent with the sentence imposed on count I; on count III for burglary with a firearm to a "term of Natural Life," to run consecutive to the sentences imposed for counts I and II; and on count IV for sexual battery with a deadly weapon to a "term of Natural Life," to run consecutive to the sentence imposed in count III. No minimum mandatory sentence was imposed on any count.

On or about October 8, 1985, Jackson sought postconviction relief by arguing in part that he had been wrongfully convicted and that his sentences had been enhanced on the kidnapping, burglary, and sexual battery charges for possessing a firearm even though it had been conclusively established at trial that only a co-defendant actually possessed a weapon during the crimes. The trial court denied Jackson's motion for postconviction relief and this Court affirmed. Jackson v. State, 514 So. 2d 366 (Fla. 3d DCA 1987). Thereafter, Jackson filed at least two more unsuccessful motions for postconviction relief which were denied by the trial court and affirmed on appeal, Jackson v. State, 582 So. 2d 628 (Fla. 3d DCA 1991); Jackson v. State, 665 So. 2d 228 (Fla. 3d DCA 1995), as well as other motions not relevant to this appeal. In Jackson's 1995 motion for postconviction relief, he argued that the trial court had improperly imposed consecutive sentences for crimes that occurred during a single episode, and as already noted, this motion was denied by the trial court and thereafter affirmed on appeal. Jackson, 665 So. 2d at 228.

The instant appeal is from the trial court's denial of Jackson's fourth motion for postconviction relief, wherein he raises the same arguments he raised in 1985 and 1995, respectively, claiming that "1) Jackson's sentences were imposed pursuant to a designation that he fell under Florida Statutes section 775.087 for possessing or using a weapon, despite the fact that the trial record conclusively

demonstrates that Jackson never personally possessed or used a weapon during the commission of these offenses; and, 2) Jackson's sentences were both enhanced pursuant to Florida Statutes section 775.087 and run consecutively, despite the fact that all counts composed a single criminal episode." We, like the court below, reject these arguments.

Jackson argues that his sentences for armed burglary and armed sexual battery are illegal and that he is therefore entitled to relief pursuant to Florida Rule of Criminal Procedure 3.800(a). Jackson's primary argument is that because the criminal offenses for which he was convicted were improperly reclassified (or enhanced) under section 775.087, which requires actual possession of a weapon by that defendant, and because the record demonstrates it was Jackson's co-defendant, not Jackson himself, who possessed a weapon, he is entitled to a new sentencing hearing. See Freeny v. State, 621 So. 2d 505, 506 (Fla. 5th DCA 1993) (confirming that to warrant imposition of enhancement under section 775.087 "the state must prove that the defendant had *actual* physical possession of the weapon").

Because Jackson has previously raised the same claims he is raising herein, and these claims have already been rejected below and on appeal in Jackson's prior rule 3.800(a) motions, he must establish manifest injustice to be entitled to relief in this appeal. See State v. McBride, 848 So. 2d 287 (Fla. 2003). Jackson has not,

4

and clearly cannot, demonstrate manifest injustice because, as properly conceded by defense counsel, the life sentences imposed for armed burglary, armed sexual battery, and armed kidnapping are all lawful sentences without reclassification or enhancement.

Armed burglary is a first degree felony punishable by life imprisonment, § 810.02(2)(b), Fla. Stat. (1983), and armed sexual battery is a life felony, § 775.082(3)(a), Fla. Stat. (1983). Thus, Jackson's convictions for armed burglary and armed sexual battery were not subject to reclassification because use of a firearm or weapon is an essential element of those offenses[1]. See also State v. Retalic, 902 So. 2d 315, 316 (Fla. 5th DCA 2005) (affirming conviction for armed burglary on a principal theory because armed burglary is "not dependent upon proof of . . . actual possession of . . . [a] gun."); § 810.02(2)(b), Fla. Stat. (1983) (making burglary a first degree felony punishable by life in prison "if, in the course of committing the offense, the offender . . . [i]s armed"); State v. Williams, 637 So. 2d 45, 46 (Fla. 2d DCA 1994) (affirming conviction for sexual battery with a deadly weapon based on a principal theory); § 794.011(3), Fla. Stat. (1983) (providing that a person "who commits sexual battery upon a person over the age

---

[1] See Harris v. State, 766 So. 2d 403, 404 (Fla. 2d DCA 2000) (holding that the defendant's sentence for armed burglary in violation of section 810.02(2)(b) was improperly enhanced pursuant to section 775.087 because the "use of a weapon or a firearm is an essential element of armed burglary"); § 775.087(1), Fla. Stat. (1983) (providing that a sentence for a felony conviction shall be reclassified unless the "use of a weapon or firearm is an essential element").

5

of 11 years . . . and in the process thereof uses or threatens to use a deadly weapon . . . shall be guilty of a life felony, punishable as provided in s. 775.082"); § 775.082(3)(a), Fla. Stat. (1983) (providing that a person convicted of a life felony may be punished by a term of imprisonment for life).

Because the armed burglary and armed sexual battery charges were not subject to reclassification, and the life sentences imposed for these criminal acts without reclassification or enhancement under section 775.087 are lawful, Jackson has failed to demonstrate that his sentences for these offenses are illegal or that he is entitled to a new sentencing hearing based on manifest injustice.

While Jackson's 1984 judgment incorrectly indicates that his conviction for armed burglary is a first degree felony, the order on appeal corrects that judgment to reflect that Jackson's conviction for this offense is a first degree felony punishable by life in prison. With regard to Jackson's conviction for sexual battery with a deadly weapon, the 1984 judgment correctly states that this is a life felony. The sentences imposed for armed burglary and armed sexual battery as corrected are, therefore, legal sentences for the criminal acts for which Jackson was convicted without any enhancement or reclassification under section 775.087.[2]

_____

[2] Jackson maintains remand for resentencing is required notwithstanding the fact that none of the sentences imposed were beyond the statutory maximum and thus "illegal." We disagree. We find applicable and rely on the observation in Brooks v. State, 969 So. 2d 238, 243 (Fla. 2007), that "for motions filed under rule 3.800(a) , . . . if the trial court could have imposed the same sentence using a correct scoresheet, any error was harmless." See Austin v. State, 756 So. 2d 1080,

The same result obtains but for a different reason with regard to the sentence imposed on the kidnapping conviction. Kidnapping, unlike burglary and sexual battery, is a "felony of the first degree, punishable by imprisonment for a term of years not exceeding life" irrespective of the possession (personally or vicariously) of a firearm or weapon. § 787.01(2), Fla. Stat. (1983). As with the burglary and sexual battery convictions, no three-year minimum mandatory sentence was imposed for this conviction, and the life sentence imposed was a legal sentence without enhancement. Thus, no manifest injustice has been demonstrated. Although the original judgment incorrectly identifies Jackson's conviction for kidnapping as a life felony, the order on appeal corrects the judgment to reflect that this offense is a felony of the first degree punishable by life in prison.

Finally, because the sentences are not reclassified or "enhanced," nothing prevented the court below from "stacking" them. See § 775.021(4), Fla. Stat. (1983) ("Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively."). Indeed, even had they 1081 (Fla. 4th DCA 2000) ("[W]e find the instant challenge still falls within this court's more general language in Blakley that '[t]o be illegal within the meaning of rule 3.800(a) the sentence must impose a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.'" (alteration in original) (quoting Blakley v. State, 746 So. 2d 1182, 1186-87 (Fla. 4th DCA 1999))).

been enhanced, only the minimum mandatory portions of the sentences could not be "stacked." See Palmer v. State, 438 So. 2d 1, 3 (Fla. 1983) (prohibiting the stacking of minimum mandatory sentences).

For these reasons, we affirm the order on appeal.