DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM DAVIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D11-2993 and 4D11-2994

[December 16, 2015]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case Nos. 96-23307CF10A and 96-21254CF10A.

Carey Haughwout, Public Defender, and John Pauly, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

We sua sponte withdraw our previously issued opinion and substitute this opinion in its place.

In this consolidated appeal of two criminal cases, the defendant challenges an order revoking his probation and imposing two consecutive forty-year sentences. In Case No. 96-21254CF10A, the defendant was convicted of two counts of sexual battery by a person under 18 on a child under 12, and one count of indecent assault of a person less than 16 years of age. In Case No. 96-23307CF10A, the defendant was convicted of one count of sexual battery by a person under 18 on a child under 12. Following these convictions in 1997, the trial court sentenced the defendant to a term of ten years in prison to be followed by ten years' probation.

In 2009, less than three years after his release from prison, the State filed affidavits of violation of probation ("VOP").  The trial court modified the defendant's probation to include electronic monitoring and a 10:00 p.m. curfew.  Throughout 2009, several other affidavits of VOP were filed, but the defendant's probation was reinstated with special conditions added.

In 2011, the State filed the affidavits of VOP at issue.  After the defendant was arrested, the State filed a Second Amended Affidavit of VOP, alleging that the defendant violated eleven conditions of his probation.  After a VOP hearing, the trial court concluded the defendant violated five conditions of his probation:  (1) leaving the county without the consent of his probation officer; (2) failing to live and remain at liberty without violating any law by committing sexual battery against a child less than 12 years old; (3) falsely reporting to his probation officer that he had not used illegal drugs; (4) failing to actively participate in and successfully complete a sex offender treatment program at his own expense; and (5) failing to participate at least annually in polygraph examinations as a part of a treatment program.

The trial court revoked the defendant's probation and sentenced him to two concurrent life sentences for two counts of sexual battery by a person under 18 on a child under 12, to run concurrent with a fifteen-year prison sentence for indecent assault of a person under 16 years of age; and life in prison for sexual battery by a person under 18 on a child under 12.  The sentences were to run consecutively.

The defendant filed a Motion to Correct Illegal Sentences under Florida Rule of Criminal Procedure 3.800(b)(2), arguing that the life sentences imposed for non-homicide crimes committed as a juvenile violated the prohibition on cruel and unusual punishment as found in the Eighth Amendment to the United States Constitution. The trial court granted the defendant's motion, and re-sentenced him to two concurrent forty-year sentences for two counts of sexual battery by a person under 18 on a child under 12, to run concurrent with a fifteen-year prison sentence for indecent assault of a person under 16 years of age; and forty years in prison for sexual battery by a person under 18 on a child under 12.  The sentences were to run consecutively.  The aggregate sentence is eighty years in prison.  The defendant appealed.

He raised three issues:  (1) the trial court erred in finding the defendant willfully violated his probation; (2) the court erred in finding the defendant willfully violated conditions four and five; and (3) the eighty-year sentence is cruel and unusual because it is a de facto life sentence.  We find no

merit in the first two issues, but must remand the case to the trial court for resentencing in light of the Supreme Court of Florida's decision in *Henry v. State*, 175 So. 3d 675 (Fla. 2015). In *Henry*, the supreme court held "that the constitutional prohibition against cruel and unusual punishment under *Graham* is implicated when a juvenile nonhomicide offender's sentence does not afford any 'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.'" *Id.* at 679 (quoting *Graham v. Florida*, 560 U.S. 48, 75 (2010)).

Here, the defendant was a juvenile when the offenses were committed. His eighty-year sentence runs afoul of *Henry*. We therefore reverse and remand for another re-sentencing.

*Reversed and Remanded.*

GROSS and FORST, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**