# Third District Court of Appeal

## State of Florida

Opinion filed June 15, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1657
Lower Tribunal Nos. 00-28640-B,
02-3809 & 02-3811

_____

**Alden Stephenson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina M. Miranda, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before ROTHENBERG, SALTER and SCALES, JJ.

SCALES, J.

Appellant, defendant below, Alden Stephenson, appeals both an order from the trial court sentencing Stephenson to an aggregate sentence of ninety years and a subsequent order denying his rule 3.800 motion for resentencing. Because Stephenson's ninety-year aggregate sentence does not provide Stephenson – a minor when he committed non-homicide crimes – with a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation, we reverse.

## I. Facts

When Stephenson was fourteen years old, he was charged with armed robbery, aggravated battery, and burglary with a battery (lower court case number F00-28640B). When Stephenson was fifteen, he accepted a global plea offer to resolve these charges, as well as seven other pending burglary cases. Per Stephenson's plea deal, he was placed on fifteen years of adult probation.

While on probation, Stephenson, still fifteen years old, was arrested after committing two sexual batteries (lower case numbers F02-3809 and F02-3811). Stephenson was charged as an adult for the sexual batteries and for violating his probation. Stephenson entered an open plea of guilty[1] on the violation of probation and sexual battery charges.

In 2005, the trial court sentenced Stephenson as follows:

**F00-28640B**

---

[1] An open plea is a plea not made pursuant to any plea bargain or assurance of sentence. See Brown v. State, 585 So. 2d 350, 352 (Fla. 4th DCA 1991).

Count 1 – armed robbery with a firearm – probation revoked, life without parole.
Count 2 – aggravated battery with a deadly weapon – probation revoked, fifteen years in prison.
Count 3 – burglary with an assault or battery – probation revoked, life without parole.

**F02-3809**
Counts 1 through 5 – sexual battery with a firearm – life without parole.
Count 6 – burglary with a battery while armed – life without parole.
Count 7 – kidnapping with a weapon – life without parole.

**F02-3811**
Count 1 – sexual battery with a firearm – life without parole.
Count 2 – home invasion robbery – thirty years in prison.
Count 3 – kidnapping with a weapon – life without parole.
Count 4 – armed burglary with a battery – life without parole.

While Stephenson was serving the life sentences outlined above, the United States Supreme Court rendered its decision in Graham v. Florida, 560 U.S. 48 (2010). In Graham, the Court held that a life sentence for a non-homicide juvenile offender violated the Eighth Amendment's prohibition against cruel and unusual punishment unless the sentence affords the offender a meaningful opportunity for release within the offender's lifetime. 560 U.S. at 75.

Based on Graham, Stephenson filed a motion with the trial court seeking to vacate his life sentence. The trial court conducted an evidentiary hearing over three days in which Stephenson argued that, given Stephenson's life expectancy of sixty-four to seventy-three years of age, a long prison sentence would be the functional equivalent of a life sentence. In June 2014, the trial court – after noting the

3

escalating nature of Stephenson's offenses and the particularly heinous and horrifying facts associated with Stephenson's sexual batteries – granted Stephenson's motion, and resentenced Stephenson as follows (with all sentences to run consecutively):

**F00-28640B**
Counts 1 through 3 – ten years in prison with all credit for time served.

**F02-3809**
Counts 1 through 7 – forty years in prison with a fifteen-year minimum mandatory as a habitual offender.

**F02-3811**
Counts 1, 3 and 4 – forty years in prison with a fifteen-year minimum mandatory as a habitual offender, followed by ten years of probation.

In sum, based on the dictates of Graham, the trial court eliminated the life sentences of the original sentencing order and sentenced Stephenson to a ninety-year prison term. The trial court's resentencing order cited to the then recent decision in Henry v. State, 82 So. 3d 1084 (Fla. 5th DCA 2012). In Henry, our sister court upheld the validity of a ninety-year aggregate prison sentence for non-homicide offenses committed by a juvenile.

Stephenson timely appealed the trial court's resentencing order. While Stephenson's appeal of the trial court's resentencing order was pending with this Court, the Florida Supreme Court quashed the Fifth District's Henry decision. Henry v. State, 175 So. 3d 675 (Fla. 2015). The Court concluded that, to withstand Eighth Amendment scrutiny, any prison sentence for a non-homicide juvenile

offender must provide a review mechanism to allow the offender to demonstrate maturity and reform. Id. at 680. The Court held that Henry's ninety-year prison sentence was a de facto life sentence. Id. Therefore, the Court remanded the case to the trial court so that Henry could be resentenced under the juvenile sentencing legislation enacted by the Florida Legislature in 2014. Id.[2]

Armed with our Supreme Court's Henry decision, Stephenson filed a second rule 3.800 motion with the trial court.[3] Stephenson's second rule 3.800 motion argued that the trial court's ninety-year prison sentence constituted a de facto life sentence without providing Stephenson a meaningful opportunity to demonstrate maturity and reform. Stephenson argued that he should be resentenced pursuant to the 2014 juvenile sentencing legislation.

On June 10, 2015, the trial court conducted a hearing on Stephenson's second rule 3.800 motion. At the hearing, the trial court denied Stephenson's motion.

---

[2] Chapter 2014-220, Laws of Florida, inter alia, creates: (a) section 775.082(3)(c) of the Florida Statutes that requires, among other things, the trial court to conduct a specifically prescribed sentencing hearing prior to sentencing a juvenile offender to life for a non-homicide crime; and (b) sections 921.1401 and 921.1402 of the Florida Statutes that codify, among other things, sentencing considerations for certain juvenile offenders and provide a sentence review mechanism for juvenile offenders sentenced to long prison terms.

[3] Because Stephenson's initial brief had not yet been filed with this Court, upon Stephenson's filing of his second rule 3.800 motion, Stephenson's then-pending appeal was stayed until after the trial court's adjudication of the motion. See Fla. R. Crim. P. 3.800(b)(2).

### III. Analysis[4]

While not entirely clear from the record, it appears the trial court's rationale for denying Stephenson's motion is premised on the trial court aggregating Stephenson's ninety-year prison sentence from three separate cases, involving different victims. Put another way, no single sentence from any of Stephenson's three separate cases results in a de facto life sentence. Therefore, according to the trial court and the State, the rationale of Henry is inapplicable. Indeed, in Stephenson's reply brief, he concedes that each sentence, standing alone, would be constitutional.

Stephenson's prison sentences, however, run consecutively. In the aggregate, the sentences total ninety years. Thus, Stephenson's prison term for his non-homicide crimes committed as a juvenile is well beyond his life expectancy.

Under Henry, "the specific sentence that a juvenile non-homicide offender receives for committing a given offense is not dispositive as to whether the [Eighth Amendment] is implicated." 175 So. 3d at 680. According to Henry, it is the offender's juvenile *status*, rather than how the offenses are aggregated or categorized, that triggers Graham's requirements. Id.

---

[4] Because the trial court's decision was based on pure questions of law, we review the trial court's denial of Stephenson's second rule 3.800 motion de novo. Plott v. State, 148 So. 3d 90, 93 (Fla. 2014).

If Stephenson had been an adult when he committed his crimes, his ninety-year prison sentence would be valid. See Jackson v. State, 175 So. 3d 368 (Fla. 3d DCA 2015). But, "[i]n light of the United States Supreme Court's long-held and consistent view . . . juveniles are different." Henry, 175 So. 3d at 680. When a trial court is faced with sentencing an offender whose non-homicide crimes were committed as a juvenile, Graham and Henry require that the offender's sentence provides a meaningful opportunity, during the offender's natural life, to obtain release based on demonstrated maturity and rehabilitation. Henry, 175 So. 3d at 679-80.

Under our reading of Graham and Henry, whether the juvenile offender's long prison sentence is the result of a single, horrific crime charged under one case number or, as here, multiple, horrific crimes charged under multiple case numbers, is of no moment with regard to Florida's recent Eighth Amendment jurisprudence. In Florida, the constitutional inquiry remains the same: whether the juvenile offender has a meaningful opportunity during the offender's natural life to obtain release.

In this case, because Stephenson's crimes were committed as a juvenile, and because his sentences run consecutively, they run afoul of Henry. See Davis v. State, 182 So. 3d 700 (Fla. 4th DCA 2015) (reversing, under Henry, the trial

court's resentencing order that resentenced youthful offender to two forty-year consecutive terms for two crimes with two different case numbers).

Therefore, we vacate both the trial court's June 2014 resentencing order and its June 2015 order denying Stephenson's second rule 3.800 motion. We remand the case to the trial court to enter a resentencing order that incorporates the applicable sentence review provisions of section 921.1402 of the Florida Statutes.[5]

Reversed and remanded for proceedings consistent with this opinion.

---

[5] Because Stephenson is not entitled to a de novo resentencing hearing, the trial court may enter the resentencing order without the presence of Stephenson. Jordan v. State, 83 So. 3d 910, 911 (Fla. 3d DCA 2012).

8