# Third District Court of Appeal

## State of Florida

Opinion filed May 16, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-664
Lower Tribunal No. 04-5205
_____

**Michael Hernandez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Carlos J. Martinez, Public Defender, and Maria Lauredo, Chief Assistant Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and SALTER and SCALES, JJ.

SALTER, J.

Michael Hernandez appeals his amended sentencing order entered following this Court's opinion vacating in part and remanding his conviction and sentence in Hernandez v. State, 117 So. 3d 778 (Fla. 3d DCA 2013) ("Hernandez I"). In accordance with that opinion, Hernandez was resentenced on his first-degree murder conviction as required by Miller v. Alabama, 567 U.S. 460 (2012). On remand, the trial court applied Florida's juvenile sentencing laws enacted in 2014.[1]

For the reasons which follow, we affirm the amended sentencing order as to Hernandez's sentence for first-degree murder, Count I, and we affirm in part and reverse and remand in part his sentence for attempted first-degree murder on Count II.

I. Background

   A. Hernandez I

"On September 24, 2008, a jury found Michael Hernandez guilty of the first-degree murder of a fourteen-year-old middle school student and the attempted first-degree murder of a thirteen-year-old student. At the time of his crimes, Hernandez was fourteen years old. The trial court sentenced Hernandez to life without the possibility of parole for first-degree murder and to a consecutive term of thirty years for attempted first-degree murder." Hernandez I, 117 So. 3d at 779.

---

[1] Chapter 2014-220, Laws of Florida, amending section 775.082, Florida Statutes, and adding new sections 921.1401 and 921.1402, Florida Statutes.

In his appeal from the convictions and sentences, Hernandez challenged his sentence for the first-degree murder as violative of the United States and Florida Constitutions, and he raised three issues directed to the validity of the convictions for the counts of first-degree murder and attempted first-degree murder. He did not challenge, and thus this Court did not address, the validity of his consecutive thirty-year sentence for the attempted first-degree murder.

The convictions and sentences were affirmed in Hernandez I, with the single exception already described: "Hernandez's sentence of life without the possibility of parole for first-degree murder is unconstitutional because it was mandatorily imposed. Accordingly, we vacate his sentence for first-degree murder and remand for resentencing on the first-degree murder conviction in accordance with Miller." Hernandez I, 117 So. 3d at 786.

B. The Resentencing and This Appeal

In 2016, the trial court conducted a three-day remanded sentencing hearing on the first-degree murder conviction. In the interim between Hernandez I and the resentencing hearing, the Florida Legislature enacted chapter 2014-220, Laws of Florida, effective July 1, 2014, amending the sentencing scheme applicable to juveniles convicted of murder.[2] In particular, the amendments incorporated in new

---

[2] The Supreme Court of Florida has approved the application of the new statutes to juvenile sentences that are found to be unconstitutional under Miller, even if the crime was committed before the effective date of the new statutes. Horsley v. State, 160 So. 3d 393, 403-405 (Fla. 2015).

section 921.1401, Florida Statutes (2014), the factors required to be considered

under the United States Supreme Court's decision in Miller:

**921.1401. Sentence of life imprisonment for persons who are under the age of 18 years at the time of the offense; sentencing proceedings.—**

(1) Upon conviction or adjudication of guilt of an offense described in s. 775.082(1)(b), s. 775.082(3)(a) 5., s. 775.082(3)(b) 2., or s. 775.082(3)(c) which was committed on or after July 1, 2014, the court may conduct a separate sentencing hearing to determine if a term of imprisonment for life or a term of years equal to life imprisonment is an appropriate sentence.

(2) In determining whether life imprisonment or a term of years equal to life imprisonment is an appropriate sentence, the court shall consider factors relevant to the offense and the defendant's youth and attendant circumstances, including, but not limited to:

(a) The nature and circumstances of the offense committed by the defendant.

(b) The effect of the crime on the victim's family and on the community.

(c) The defendant's age, maturity, intellectual capacity, and mental and emotional health at the time of the offense.

(d) The defendant's background, including his or her family, home, and community environment.

(e) The effect, if any, of immaturity, impetuosity, or failure to appreciate risks and consequences on the defendant's participation in the offense.

(f) The extent of the defendant's participation in the offense.

(g) The effect, if any, of familial pressure or peer pressure on the defendant's actions.

4

(h) The nature and extent of the defendant's prior criminal history.

(i) The effect, if any, of characteristics attributable to the defendant's youth on the defendant's judgment.

(j) The possibility of rehabilitating the defendant.

The resentencing hearing was conducted by the trial court without a jury. The court heard testimony and reviewed evidence presented by the prosecution, a statement by the family of the murder victim, testimony by the victim of the attempted murder, evidence regarding Hernandez's family members, expert testimony regarding Hernandez's mental state at the time of the murder and at the time of the resentencing, tape recorded calls of conversations by Hernandez with family members and a friend, and testimony by Hernandez himself. Following the hearing, the trial court entered the 27-page amended sentencing order with detailed findings on the factors specified in section 921.1401.

The horrific circumstances of the murder, attempted murder, and Hernandez's premeditation are recounted in Hernandez I and need not be repeated here. The amended sentencing order again sentenced Hernandez to life in state prison without parole on the murder count, but included a right to a review of his sentence after 25 years, as provided by sections 921.1402(2)(a) and 775.082(1)(b)1. The court also again sentenced Hernandez to a consecutive term

of imprisonment for 30 years on the attempted murder count. This appeal followed.

II.    Issues and Standard of Review

Hernandez raises four issues in this appeal:

1. Whether the Sixth Amendment to the United States Constitution requires a jury, rather than the trial court, to consider and decide the issues of fact required by the 2014 juvenile sentencing statutes for the imposition of a life sentence.

2. Whether the victim impact testimony during the resentencing violated Hernandez's rights under the Eighth and Fourteenth Amendments.

3. Whether the trial court's consideration of testimony at the resentencing hearing regarding Hernandez's musical interests while in prison was fundamental error and violated his First Amendment rights.

4. Whether Hernandez's 30-year sentence on the attempted murder conviction, to be served consecutive to the life sentence on the murder count, amounts to a de facto life sentence in violation of Graham v. Florida, 560 U.S. 48 (2010), Henry v. State, 175 So. 3d 675 (Fla. 2015), and Stephenson v. State, 197 So. 3d 1126 (Fla. 3d DCA 2016).

The constitutional questions are reviewed de novo. Henry, 175 So. 3d at 676-77. Unpreserved issues raised here but not in the trial court are reviewed for fundamental error. § 924.051(3), Fla. Stat. (2016); Jean-Baptiste v. State, 155 So.

3d 1237, 1240 (Fla. 4th DCA 2015). The trial court's findings of fact on the statutory factors listed in section 921.1401 are reviewed for the existence of competent, substantial evidence in the record.

III.    Analysis

A.    First Issue: Apprendi, Blakely, Hurst

Hernandez argues that the Sixth Amendment to the United States Constitution; the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004); and the Florida Supreme Court's decision in Hurst v. Florida, 202 So. 3d 40 (Fla. 2016), collectively require that a jury weigh and determine the evidence regarding the sentencing factors in section 921.1401, rather than a judge alone. Although Hurst applies in Florida death penalty cases, Hernandez contends that the weighing of aggravating circumstances and mitigating factors was "necessary for imposition of" a life sentence rather than a term of years, and thus constitutionally required a jury finding under Apprendi.

This Court held otherwise in Beckman v. State, 230 So. 3d 77, 94-97 (Fla. 3d DCA 2017),[3] and we have since applied that analysis in another juvenile

---

[3]   Beckman is seeking review of that decision in the Florida Supreme Court; Beckman v. State, No. SC17-2060 (Fla. filed Nov. 21, 2017). The Court has not yet ruled on Beckman's petition for review. See also Copeland v. State, 43 Fla. L. Weekly D341 (Fla. 1st DCA Feb. 9, 2018), pet. for review filed, No. SC18-461 (Fla. March 19, 2018).

resentencing case, Brown v. State, 231 So. 3d 17 (Fla. 3d DCA 2017). We reject Hernandez's arguments on this issue as well, based on our opinion in Beckman.

### B. Second Issue: Victim Impact Testimony

Hernandez argues that the extensive victim impact evidence presented by the State violated his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution; the United States Supreme Court's decision in Payne v. Tennessee, 501 U.S. 808 (1991); Article I, § 16(b) of the Florida Constitution; and the decisions of the Florida Supreme Court in Wheeler v. State, 4 So. 3d 599 (Fla. 2009), and Sexton v. State, 775 So. 2d 923 (Fla. 2000). Hernandez properly concedes that this issue was not preserved below and is reviewed for fundamental error. Cromartie v. State, 70 So. 3d 559, 563-64 (Fla. 2011).

Subparagraphs 921.1401(2) (a) and (b) of the juvenile resentencing statute direct the trial court to consider the "nature and circumstances of the offense committed," and the "effect of the crime on the victim's family and on the community." Additional factors include consideration of the juvenile defendant's "background, including his or her family, home and community background," and the "possibility of rehabilitating the defendant," subparagraphs 2(d) and (j), respectively, of the statute.

8

Hernandez has not demonstrated fundamental error in the victim and character/behavioral testimony presented at the resentencing hearing. Hernandez's contention that the evidence was offered for the prohibited purpose of establishing "future dangerousness"[4] is unavailing. The trial court did not abuse its discretion in allowing evidence of Hernandez's continued enthusiasm while incarcerated for televised or video recordings about serial killers, mutilation of victims, and sadistic killings, as that evidence is relevant to the "possibility of rehabilitating the defendant" under the juvenile sentencing statute. Evidence regarding the impact of the crimes themselves and Hernandez's disregard for the victims and their families were proper topics for proof and consideration under Article I, section 16(b), of the Florida Constitution.

## C.     Third Issue: Hernandez's Interest in Music

Hernandez next asserts that the First Amendment precluded the trial court from considering his preference for "death/metal music" ("usually played for him into the phone by his parents," the trial court found), including songs with lyrics detailing "murder/torture inflicted by knives, including the slashing of victims'

---

[4] Hernandez relies on <u>Delhall v. State</u>, 95 So. 3d 134, 168-69 (Fla. 2012), for this argument. <u>Delhall</u>, however, was a death penalty case in which the Florida Supreme Court found that the prejudicial effect on the jury during the guilt and sentencing phases of the case was error "committed by the overzealous prosecutorial argument" that the defendant had always been violent and cannot be fixed, such that "his mitigation is nothing but excuses." <u>Id.</u> at 169. As already noted, Hernandez's resentencing hearing was non-jury, and his guilt was not at issue.

throats." Hernandez's syllogism is logical: (1) music is protected by the First Amendment, citing Ward v. Rock Against Racism, 491 U.S. 781, 790 (1989); (2) artistic and moral judgments about artistic creations, including music, "are for the individual to make, not for the Government to decree," quoting Brown v. Entertainment, 564 U.S. 786, 790 (2011); (3) the First Amendment precludes such evidence introduced at a sentencing hearing unless it is relevant to the sentencing proceeding, citing Dawson v. Delaware, 503 U.S. 159, 166-68 (1992); (4) the evidence of Hernandez's musical interests did not tend to prove an aggravating circumstance or rebut Hernandez's mitigation evidence; and therefore (5) the admission and consideration of that evidence violated the First Amendment, constitutes fundamental error,[5] and requires reversal.

We find no error, much less fundamental error, on this point, because Hernandez's continued interest in violent music and lyrics replicating the horrific murder and attempted murder he committed were directly relevant to his lack of remorse, his indifference to the suffering of the victims and their families, and Hernandez's prospects for rehabilitation. § 921.1401 (b), (j). In short, predicates (3) and (4) of Hernandez's syllogism cannot support his conclusion, (5); we find no error and no basis for reversal on this issue.

---

[5] The evidence of Hernandez's musical interests was not the subject of a timely objection during the resentencing hearing, and this alleged constitutional issue is thus reviewed for fundamental error. Robinson v. State, 442 So. 2d 284, 285-86 (Fla. 2d DCA 1983).

D.    Fourth Issue: Consecutive Sentence, Count II

In this fourth and final issue, Hernandez contends that the amended sentencing order violates Graham and is unconstitutional because of the 30-year consecutive term of years sentence imposed by the trial court on the attempted murder conviction, Count II.  Preliminarily, we observe that Hernandez did not raise this issue in his appeal in Hernandez I, with the result that our opinion and mandate in that case may bar this argument:

> [W]e vacate his sentence for first-degree murder and remand for resentencing on the first-degree murder conviction in accordance with Miller.  In all other respects, we affirm.

Hernandez I, 117 So. 3d at 786.

The trial court nonetheless addressed the sentence on Count II, perhaps out of an abundance of caution:

> Although not expressly mandated by the Third District Court of Appeal to readdress the Attempted First Degree Murder sentence, which the appellate court affirmed, this Court notes that nothing presented at the resentencing hearing changes or otherwise causes doubt in this Court's mind as to the propriety of the 30 year consecutive sentence for the Attempted Murder of [A.M.], which remains undisturbed.[6]

In the three-year interval between Hernandez I (2013) and the 2016 resentencing, the new juvenile sentencing statutes became effective (2014), and the Florida Supreme Court evaluated "aggregate sentencing schemes" in other cases

---

[6]  Amended Resentencing Order (Case No. F04-5205, Eleventh Judicial Circuit, Miami-Dade County, March 21, 2016) at 26.

for compliance with <u>Graham</u> (<u>see, e.g.</u>, <u>Henry v. State</u>, 175 So. 3d 675 (Fla. 2015) (remanding for resentencing after consecutive sentences were imposed for a juvenile non-homicide offender totaling 90 years). We address Hernandez's argument on this point on the basis of these developments and <u>Graham</u>'s constitutional requirement that a juvenile's sentence for a non-homicide offense[7] include a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." <u>Graham</u>, 560 U.S. at 75; <u>Henry</u>, 175 So. 3d at 679 (applying <u>Graham</u> to non-homicide sentences aggregating 90 years).

Hernandez, incarcerated since age 14, is entitled to the requisite twenty-five year review when he will be over 39 years old, but only as to his conviction for first-degree murder, Count I. Because his sentence on the attempted murder count was imposed consecutively to the life sentence for first-degree murder, the attempted murder sentence could imprison him through age 69 even if released from the Count I sentence after the 25-year review.

We agree with Hernandez that this violates <u>Graham</u> and <u>Henry</u>, but only insofar as it omits a separate 25-year right of review on the Count II sentence. Section 921.1402(2)(b) of the juvenile sentencing law provides that "[a] juvenile offender sentenced to a term of more than 25 years under s. 775.082(3)(a)5.a." is entitled to a review of his or her sentence after 25 years. Section 775.082(3)(a)5.a.

_____

[7] Attempted first-degree murder is a non-homicide offense. <u>Gridine v. State</u>, 175 So. 3d 672, 674 (Fla. 2015).

includes a sentence imposed upon a person who "attempted to kill the victim and is sentenced to a term of imprisonment of more than 25 years," granting the entitlement to a review after 25 years under section 921.1402(2)(b).

Hernandez is thus entitled to a review on the Count II sentence after serving 25 years on that count, though this may not be meaningful if he is not released from further imprisonment on his Count I life sentence upon the 25-year review on that sentence. We disagree with Hernandez's contention, however, that the Count II sentence amounts to "a de facto life sentence for a non-homicide offense" under Henry, such that the consecutive thirty-year sentence must be vacated and a new resentencing conducted on that conviction. Henry, as noted, reversed consecutive sentences imposed on a juvenile for non-homicide offenses, but aggregating 90 years.

Other cases relied upon by Hernandez involve aggregate sentences imposed upon juvenile non-homicide offenders that are easily distinguishable from Hernandez's crimes and his separate sentences for crimes of first-degree murder and attempted first-degree murder. Kelsey v. State, 206 So. 3d 5 (Fla. 2016) (four concurrent sentences of 45 years each on non-homicide convictions, remanded for resentencing under the juvenile sentencing statute); Stephenson v. State, 197 So. 3d 1129 (Fla. 3d DCA 2016) (consecutive sentences aggregating 90 years for crimes committed as a juvenile; remanded for resentencing per Henry and section

13

921.1402); Burrows v. State, 219 So. 3d 910 (Fla. 5th DCA 2017) (concurrent 25-year sentences imposed for juvenile who committed non-homicide offenses; reversed and remanded to provide for review under the juvenile sentencing statutes).

On this issue, we find a single meritorious point. We reverse and remand for the ministerial step of amending the sentence for attempted murder, Count II, to provide for a review after 25 years of time served on that sentence, to fulfill the requirement in section 921.1402(2)(b), Florida Statutes (2014), operative only at such time (if any) as Hernandez is released from further imprisonment on his Count I sentence and his consecutive Count II sentence actually commences.[8] Hernandez need not be present for this ministerial amendment to his Count II sentence upon remand.

IV.    Conclusion

The trial court diligently conducted the resentencing hearing pursuant to our mandate in Hernandez I and the requirements of the juvenile sentencing statutes. That court's carefully-considered findings were detailed and supported by competent, substantial evidence. We reverse and remand a single and limited

---

[8] For the avoidance of doubt, we are not authorizing or requiring a single review of both sentences (on Count I and on Count II) after Hernandez has served 25 years on the Count I sentence. That question is pending before the Florida Supreme Court in Purdy v. State, No. SC17-843 (Fla. filed May 5, 2017) (certified as a question of great public importance; oral argument held Dec. 6, 2017) (reviewing Purdy v. State, 42 Fla. L. Weekly D967 (Fla. 5th DCA 2017).

element of the resentencing order as it relates to Count II.  We conclude that the imposition of a consecutive 30-year sentence for that Count, analyzed in light of <u>Graham</u> and the juvenile sentencing statute, requires a separate entitlement to review after 25 years of imprisonment on Count II, should that separate sentence actually commence.